```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BLUEFIELD
```

WARREN COLLINS,

    Plaintiff,

v.                              CIVIL ACTION NO. 1:06-0490
                              (Criminal Action No. 1:02-0102)

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION

      By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C.A. § 636(b)(1)(B). Magistrate Judge VanDervort submitted to the court his Findings and Recommendation on May 6, 2009, in which he recommended that the District Court dismiss plaintiff's motion pursuant to 28 U.S.C. § 2255, and remove this matter from the court's docket.

      In accordance with the provisions of 28 U.S.C.A. § 636(b), the parties were allotted ten days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

On May 20, 2009, plaintiff filed objections to the Proposed Findings and Recommendation. With respect to those objections, the court has conducted a de novo review.

Collins and his co-defendant, James Scott, were charged in a two-count indictment. Count One charged Collins and Scott with conspiring to distribute cocaine base, in violation of 21 U.S.C. § 846. Count Two charged Collins with possession with intent to distribute a quantity of cocaine base, also known as "crack," in violation of 21 U.S.C. § 841(a)(1). Following a three-day trial on May 20-22, 2003, Collins was convicted on both counts. The jury found Scott not guilty on Count One. On December 2, 2003, the court sentenced Collins to, among other things, a term of imprisonment of 216 months. On appeal, the Fourth Circuit Court of Appeals affirmed Collins' conviction and sentence.

*Objection #1*

Collins first objects to the statement in the PF&R that "[t]he Bureau of Prison's Inmate Locator indicates that Movant is presently incarcerated at FCI Loretto, located in Loretto, Pennsylvania, with a projected release date of October 20, 2014." PF&R at p.1. The BOP Inmate Locator indicates that plaintiff is currently incarcerated at FCI Cumberland with a projected release date of December 8, 2017. Accordingly, plaintiff's first objection is SUSTAINED.

*Objection #2*

Plaintiff's next objection is to raise a claim of actual innocence to the conspiracy charge. In his PF&R, Magistrate Judge VanDervort concluded that plaintiff's challenge to his conspiracy conviction was procedurally barred because he was seeking to revisit the same issue that was rejected on direct appeal without directing the court to any intervening change in law which authorized him to do so. Collins contends that "I did not raise the issue of actual innocence on my direct appeal, my lawyer argued inconsistent verdicts do not agree with one another. In my 2255 argument I argue that I am innocent of the actual charge of conspiracy. How can I be procedurally barred to argue this when I never argued it?"

Plaintiff's 2255 states that he is innocent of conspiracy because "one man conspiracy, didn't meet the burden of proof of an actual conspiracy." Doc. # 141 at p.5. He goes on to argue he "was the only person convicted of this conspiracy." Id. at 1A.

Plaintiff's contention to the contrary notwithstanding, it is clear that he is seeking to revisit his earlier argument that he cannot be convicted of conspiracy because his alleged co-conspirator was not convicted. As the Fourth Circuit concluded on direct appeal, "Collins' conviction should not be reversed because his co-conspirator was acquitted." United States v. Collins, 412 F.3d 515, 520 (4th Cir. 2005).

3

Even if plaintiff's "actual innocence" claim were different than the issue argued on direct appeal, it is still procedurally defaulted. "[H]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (internal quotation marks omitted). "Claims that could have been, but were not, raised on direct appeal are procedurally defaulted and generally not cognizable in habeas review. This court may consider the claim despite procedural default, however, if the petitioner demonstrates cause and prejudice or actual innocence." United States v. Jackson, 2009 WL 1107529, *3 (W.D. Va. 2009) (citations omitted).

Collins contends that he is actually innocent. In his §2255 motion, he alleges that "one man conspiracy, didn't meet the burden of proof of an actual conspiracy" and that there was no evidence of an agreement between Collins and his co-defendant. This argument is, in essence, a challenge to the sufficiency of the evidence.

"Typically, to establish actual innocence a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he is convicted." United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999); see also Cameron v. Garraghty, 2002 WL 32591883, *3 (E.D. Va. 2002) (concluding that "[a]ctual innocence means factual

innocence, not mere legal insufficiency."). "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." House v. Bell, 547 U.S. 518, 536-37 (2006) (internal quotation marks omitted). Collins has made no showing, either in his motion or his objections to the PF&R, regarding his factual innocence. He has offered no new evidence in support of his claim of actual innocence. Therefore, any claim of actual innocence must fail[*] and his objection is OVERRULED.

*Objection #3*

Collins also objects that the drugs admitted into evidence were not the same drugs that were seized at his arrest. The undersigned agrees with Magistrate Judge VanDervort that this issue is non-constitutional in nature and, because Collins did not

---

[*] Courts have recognized two types of actual innocence claims - - a "gateway claim" and a "freestanding claim" of actual innocence. House v. Bell, 547 U.S. 518, 554 (2006). "A freestanding claim of actual innocence . . . is an attempt to prove a criminal defendant's innocence outright." Cody v. United States, 2009 WL 2043887, *1 (E.D. Tenn. 2009); see also Herrera v. Collins, 506 U.S. 390, 417 (1993) (recognizing the possibility of a freestanding actual innocence claim). The Supreme Court has never explicitly recognized a freestanding actual innocence claim. The House court, in declining to recognize a freestanding actual innocence claim, acknowledged that the threshold showing to establish one would be "extraordinarily high." House, 547 U.S. at 554. Even assuming that a freestanding claim of actual innocence were an available option to Collins, he would be unable to meet the exacting standard required to establish one as it is more stringent than that required to pursue a gateway innocence claim. Cody, 2009 WL 2043887, *1.

raise it on appeal, he has waived the right to contest it in these proceedings. See United States v. Wall, 2001 WL 1194910, *1 (4th Cir. 2001) ("Because he did not raise this nonconstitutional issue in his direct appeal, it is deemed waived in his § 2255 motion.") Accordingly, this objection is OVERRULED.

*Objection #4*

Plaintiff also objects to the fact that he was sentenced as a career offender. He raised this same issue on direct appeal where it was thoroughly addressed and rejected. United States v. Collins, 412 F.3d 515, 521-23 (4th Cir. 2005). Therefore, it is procedurally barred and his objection thereto is OVERRULED.

*Objections #5, 6, and 7*

Plaintiff's next three objections deal with what he alleges are specific instances establishing the ineffectiveness of his counsel. They include: 1) counsel's failure to object to the drug evidence; 2) counsel's failure to communicate with Collins; and 3) counsel's failure to come to him with a possible plea.

The standards established by the United States Supreme Court in determining whether a defendant was denied his Sixth Amendment right to effective assistance of counsel are set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). Ineffective assistance of counsel claims consist of mixed questions of fact and law. Id. Under the two-pronged standard, a plaintiff must show (1) that counsel's performance was so

deficient that it fell below an objective standard of reasonableness, and (2) that counsel's deficiency resulted in prejudice so as to render the results of the trial unreliable. Id. at 687-91. Counsel's performance is entitled to a presumption of reasonableness. Id. Thus, a habeas plaintiff challenging his conviction on the grounds of ineffective assistance must overcome a strong presumption that the challenged actions constituted sound trial strategies. Id. at 689. The Court in Strickland cautioned against the ease in second-guessing counsel's unsuccessful assistance after the adverse conviction and sentence are entered. Id. The Fourth Circuit Court of Appeals specifically recognized that ineffective assistance of counsel may not be established by a "Monday morning quarterbacking" review of counsel's choice of trial strategy. Stamper v. Muncie, 944 F.2d 170, 178 (4th Cir. 1991), cert. denied, 506 U.S. 1087 (1993).

In this case, Collins' allegations do not satisfy either prong of the Strickland standard.

A. Failure to Object to Drug Evidence

Collins argues "[t]here is no reasonable `strategy' that could ever be considered if the evidence in a trial changed color and gained weight so no attorney's strategic decision could be presumed reasonable and protected under Strickland. How could I not be prejudiced by counsels [sic] failure to object to drug evidence? The jury was not allowed to see that evidence was

incorrect, the judge was not allowed to rule on the admissibility of the wrong drugs."

As Magistrate Judge VanDervort pointed out in his PF&R, the decision whether to object to evidence at trial is a question of strategy for trial counsel. Arnold v. Evatt, 113 F.3d 1352, 1362-63 (4th Cir. 1997) (failure to object at trial to evidence discrediting a witness' testimony could reasonably have been part of a trial strategy). Further, Collins fails to demonstrate how he was prejudiced by the failure to object to the drugs given that he was not convicted of possessing a specific amount of drugs. Because an attorney's strategic decision is presumed reasonable and protected from second guessing under Strickland and because Collins has failed to show how he was prejudiced by this alleged error, his objection is OVERRULED.

B. Failure to Communicate Regarding Appeal

Collins argues that his attorney failed to communicate with him regarding his appeal and that he was denied his right to a "writ of searchewary." The court is unfamiliar with a "writ of searchewary" but, given the context of his objection, it appears that Collins might be arguing that he was denied his right to file a petition for a writ of certiorari with the United States Supreme Court. This was an issue he failed to include in his petition and, therefore, it was not addressed before the magistrate judge. "It is well established that issues raised for the first time in

objections to the Magistrate Judge's recommendations are deemed waived."  Salinas v. Cartlidge, 2009 WL 438006, *1 (D.S.C. 2009) (citing authorities); see also Payne v. Dirton-Hill, 2008 WL 5114462, *3 (D.S.C. 2008)("One purpose of the Magistrates Act is to allow magistrates to assume some of the burden imposed on the district courts to relieve these courts of unnecessary work. Allowing Plaintiffs to present one version of their case to the Magistrate, and then, because they were unsuccessful, present a new version and new argument to this Court frustrates this very purpose.  The Magistrates Act was not intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court.") (internal citations and quotation marks omitted).

     In any event, Collins' argument is without merit.  The docket sheet of Collins' Fourth Circuit case confirms that, by letter dated September 6, 2005, from the Clerk for the United States Court of Appeals for the Fourth Circuit, Collins was notified that his appeal had been decided.  Therefore, he was notified in time to file a petition for a writ of certiorari with the United States Supreme Court.  Furthermore, on September 14, 2005, the Fourth Circuit granted the motion to withdraw filed by counsel for Collins.  Local Rule 46(d) of the Fourth Circuit provides that "[i]f the appellant requests in writing that a petition for a writ of certiorari be filed and in counsel's

9

considered judgment there are grounds for seeking Supreme Court review, counsel shall file such a petition. If appellant requests that a petition for a writ of certiorari be filed but counsel believes that such a petition would be frivolous, counsel may file a motion to withdraw with the Court of Appeals." Collins does not allege that he asked his attorney to file a petition for a writ of certiorari and that he failed to do so. See, e.g., United States v. Smith, 2008 WL 4951657, *3-4 (4th Cir. 2008) (Criminal Justice Act Plan had been violated when appellate counsel did not file petition for certiorari after being requested to do so by defendant and counsel did not file motion to withdraw). In any event, criminal defendants have no right to counsel to pursue discretionary review. See United States v. Austin, 513 U.S. 5, 8 (1994). Absent such a right, Collins "cannot assert a constitutional violation based upon his counsel's allegedly defective performance." Cooper v. United States, 2008 WL 3992331, *9 (S.D. Fla. 2008). Based on the foregoing, plaintiff's objection is OVERRULED.

    C.   Failure to Negotiate a Plea

In his objections, Collins contends that "[m]y attorney never once came to me with any type of plea from the government, as I stated. His only statements were "I can beat this, . . . I asked about a plea and got no answer." Collins not only fails to specifically explain how counsel allegedly failed him in this

regard, but he also fails to explain how this alleged failure prejudiced him. He does not allege that his attorney failed to communicate a plea offer to him. See United States v. Blaylock, 20 F.3d 1458, 1465-66 (9th Cir. 1994) (finding that counsel's failure to communicate a plea offer to defendant satisfied the first part of the Strickland test). To the extent he argues that counsel was ineffective for failing to approach the government and negotiate a plea agreement, that argument is without merit.

> There is no affirmative duty under the Constitution to solicit plea bargain offers from prosecutors, much less negotiate an offered plea agreement. See United States v. Usma, No. 97CV3135, 1997 WL 458431 (N.D. Ill. July 29, 1997) (finding no authority to suggest an affirmative duty to solicit plea bargains exists); see also Beans v. Black, 757 F.2d 933, 936-37 (8th Cir. 1985) (holding that defense counsel has no duty to initiate plea bargaining, though failure to do so in a particular case might be unreasonable). . . . Finally the Constitution does not afford [a criminal defendant] the right to a plea bargain. Weatherford v. Bursey, 429 U.S. 545, 561 (1977).

Mayes v. United States, 2007 WL 4302829, *7, n.9 (W.D. Va. 2007). Because "[t]he decision to initiate plea bargaining discussions with the prosecutor is the type of strategic decision within counsel's purview," Gabay v. Woodford, 2009 WL 1875706, *16 (C.D. Cal. 2009), Collins cannot prove any failure to do so satisfies Strickland. Accordingly, his objection is OVERRULED.

Based on the foregoing, the court accepts Magistrate Judge VanDervort's findings and recommendation. The court further **DISMISSES** defendant's motion pursuant to 28 U.S.C. § 2255, and

directs the Clerk to remove this case from the court's active docket.

The Clerk is directed to forward a copy of this Memorandum Opinion to Mr. Collins and to counsel of record.

**IT IS SO ORDERED** this 30th day of September, 2009.

ENTER:

*David A. Faber*

David A. Faber
Senior United States District Judge