```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT BLUEFIELD
```

**WARREN COLLINS,**

    **Plaintiff,**

**v.**                                      **CIVIL ACTION NO. 1:16-05807**
                                           **(Criminal No. 1:02-00102-01)**

**UNITED STATES OF AMERICA,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is the motion of the United States to withdraw referral of the case to a magistrate judge and to stay this case. (ECF No. 178). Collins has filed a response to the government's motion, indicating that he opposes a stay of this case. (ECF No. 181).

Collins has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, relying on the holding of <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), wherein the Court held unconstitutionally vague the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii) (defining "violent felony" to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another"). The ACCA residual clause invalidated in <u>Johnson</u> is identical to the residual clause of the definition of "crime of violence" in the career offender guidelines, U.S.S.G. § 4B1.2(a)(2). Collins was sentenced as a

career offender under the sentencing guidelines and he contends that the Johnson holding should be applied to the career offender guideline.

On June 27, 2016, the Supreme Court granted certiorari in Beckles v. United States, No. 15-8544, to address three questions: (1) whether Johnson applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in United States Sentencing Guidelines § 4B1.2(a)(2); (2) whether Johnson's constitutional holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review; and (3) whether mere possession of a sawed-off shotgun, an offense listed as a "crime of violence" only in commentary to U.S.S.G. § 4B1.2, remains a "crime of violence" after Johnson.

The government seeks a stay of Collins' § 2255 motion on the ground that Beckles will likely decide the issues raised herein. Collins opposes a stay and contends that his motion should be decided by this court as quickly as possible because, if his motion is granted, he will be eligible for immediate release.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936). In exercising discretion to stay a case, a

court "must weigh competing interests." Id. at 255; see also Central W. Va. Reg'l Airport Auth., Inc. v. Triad Eng'g, No. 2:15-cv-11818, 2015 WL 6758233 (S.D.W. Va. Nov. 5, 2015) (Copenhaver, J.). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." Williford v. Armstrong World Indus., Inc., 715 F.2d 124, 127 (4th Cir. 1983); cf. Yong v. I.N.S., 208 F.3d 1116, 1120-21 (9th Cir. 2000) ("habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy").

Accordingly, this court should weigh the interests of judicial economy in granting a stay versus the potential prejudice to Collins. Collins is currently serving a 216 month term of imprisonment imposed by this court. The BOP's Inmate Locator indicates that Collins' release date without relief under § 2255 is February 16, 2018. The court's review of the record confirms that Collins' guideline range would have been lower had the career offender enhancement not been applied and agrees with Collins that if his challenge is successful he would potentially be eligible for immediate release. Therefore, he will be prejudiced by a short stay pending a decision in Beckles, which is expected by mid-June 2017. See, e.g., United States v. Beane, Case No. 08-cr-00260-PJH-1, 2016 WL 4045392, *2 (N.D. Cal. July 28, 2016)

("[S]taying these proceedings pending a decision by the Supreme Court on this threshold question could result in prejudicial delay to defendant, who seeks a reduced term of imprisonment that, if granted and subject to resentencing, could be exceeded by time served. Under these circumstances, considerations of judicial economy are outweighed by the potential prejudice to defendant, and a stay is not warranted.").

Accordingly, given the prejudice to Collins versus the benefits of staying this matter, the motion to stay is **DENIED**. The motion to withdraw the reference to the magistrate judge is likewise **DENIED**.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** this 26th day of October, 2016.

ENTER:

David A. Faber
Senior United States District Judge